UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TINA L.,

              Plaintiff,

v.                                                                                  5:24-CV-01530
                                                                                    (ML)
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

_____

APPEARANCES:                                                OF COUNSEL:

OLINSKY LAW GROUP                                          JULIE ATKINS, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202


SOCIAL SECURITY ADMINISTRATION                            GEOFFREY M. PETERS, ESQ.
  Counsel for the Defendant                               Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

_____

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c),
has been treated in accordance with the procedures set forth in General Order No. 18.  Under
that General Order once issue has been joined, an action such as this is considered procedurally,
as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure.

in connection with those motions on March 9, 2026, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 13) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 12, 2026
       Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TINA L.,

                                        Plaintiff,


-v-                                     24-CV-1530


COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
-----------------------------------------------------------x


**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE MIROSLAV LOVRIC**
March 9, 2026
15 Henry Street, Binghamton, NY 13901



For the Plaintiff:

    OLINSKY LAW GROUP
    250 South Clinton Street - Suite 210
    Syracuse, New York 13202
    BY:  **JULIE ATKINS, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    6401 Security Boulevard
    Baltimore, Maryland 21235
    BY:  **GEOFFREY M. PETERS, ESQ.**




*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

(The Court and all counsel present by telephone. Time noted:  2:14 p.m.)

THE COURT:  All right.  Well, the Court's going to begin its decision and analysis as follows:  Plaintiff has commenced this proceeding pursuant to Title 42 U.S. Code 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that she was not disabled at the relevant times and therefore ineligible for the benefits that she sought.

By way of background, the Court notes as follows: Plaintiff was born in 1978.  She is approximately 47 years of age.  She was approximately 44 years of age on the date of her application for benefits.

Plaintiff is a high school graduate, attended approximately one year of college, and then obtained a certification as a surgical technologist.  From approximately July of 2005 to approximately September of 2021, plaintiff worked in a hospital operating room, with duties including preparing the room and surgical instruments, handing instruments to the surgeon, and maintaining a sterile environment.  She testified that she left this position due to medical complications after contracting COVID-19.

Plaintiff was hospitalized for a week in May of 2021 after developing COVID-related pneumonia.  Since that time, plaintiff has reported lingering symptoms, including vertigo,

muscle and joint pain, fatigue, and shortness of breath.  She described constant dizziness and imbalance that made her feel like the room is constantly spinning and prevents her from driving or looking at a computer screen.

Procedurally, the Court notes the following: Plaintiff applied for Title II benefits on October 19th of 2022, and alleging an onset date of May 14th of 2021.  In support of her application for benefits, plaintiff claims disability based on a number of physical and mental health impairments, including vertigo, gout, and anxiety-panic disorder.  Administrative Law Judge Mary Jane Pelton conducted a hearing on March 15th of 2024 to address plaintiff's application for benefits.  ALJ Pelton issued an unfavorable decision on April 10th of 2024.  That decision became the final determination of the agency on November 18th of 2024, when the Appeals Council denied plaintiff's request for review.  This civil action was commenced on December 17, 2024, and it is timely.

In her April 10, 2024, decision at issue in this case, the ALJ first determined that plaintiff met the insured status requirements of the Social Security Act through March 31st of 2027, and then the ALJ commenced the familiar five step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 14th of 2021.

At step two, the ALJ concluded that plaintiff had the following severe impairments:  First, degenerative joint disease and ostearthritis; second, long-haul Coronavirus disease, also referred to as COVID-19; vertigo; depressive disorder; anxiety disorder; and obesity.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairments.  In making this determination, the ALJ expressly considered the following listings:  Listing 1.18 dealing with abnormality of a major joint; listing 2.02 dealing with chronic respiratory disorders; listing 3.03 dealing with asthma; listing 12.04 dealing with depressive, bipolar, and related disorders; and listing 12.06 dealing with anxiety and obsessive compulsive disorders.

Next, the ALJ determined that plaintiff has the residual functional capacity, also referred to as RFC, to perform less than the full range of light work.  Specifically, the ALJ found that plaintiff can stand and/or walk four hours; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl, but should avoid exposure to workplace hazards, such as unprotected heights and dangerous moving machinery.  The ALJ further found plaintiff can understand, remember, and carry out simple instructions and use of judgment to make simple work-related decisions; that

plaintiff can handle occasional changes in the routine work setting, but is unable to perform work requiring a specific production rate or hourly quota; and lastly, that plaintiff can manage frequent interactions with supervisors and coworkers, and occasional interaction with the public.

At step four, the ALJ relied on the vocational expert testimony to determine that plaintiff is unable to perform any past relevant work.

Again relying on the vocational expert testimony, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, that there were jobs existing in significant numbers in the national economy that plaintiff can perform.

Accordingly, the ALJ found that plaintiff was not disabled from the alleged onset date of May 14, 2021, through the date of the ALJ's decisions -- excuse me, decision.

I'm turning now to the arguments by plaintiff in this matter. I start with articulating that, as counsel know, this Court's functional role in this case is limited and extremely deferential. The Court must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which has been defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion. As the Second Circuit has noted in the case of *Brault v. Social Security Administration*

*Commissioner*, that's found at 683 F.3d 443, a 2012 Second Circuit case, and therein, the Circuit articulated that this standard is demanding, more so than the clearly erroneous standard.  The Court noted in *Brault* that once there's a finding of that fact, that fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

Plaintiff contends that the ALJ failed to properly evaluate the medical opinion evidence.  In particular, plaintiff contends that the ALJ did not adequately consider the supportability and consistency of a series of opinions prepared by plaintiff's primary care physician, Dr. Agata Wojtasiewicz.

Turning now to the Court's analysis and reasoning and conclusion, the Court begins as follows:  This Court finds that substantial evidence supports the ALJ's evaluation of the evidence addressing plaintiff's physical and mental impairments, including the opinion and testimonial evidence, for the reasons set forth in defendant's brief and also for the following reasons that the Court articulates here.

Dr. Wojtasiewicz has been one of plaintiff's primary care physicians since at least May of 2021.  The record includes a number of opinions from Dr. Wojtasiewicz ranging from letters to plaintiff's employer generally advising that she was unable to return to work to more specific progress reports prepared in November 2021, December 2021, and January 2023.  These opinions are internally consistent, recommending that plaintiff can only

sit for short periods of time and must avoid bending, kneeling, climbing, and driving due to her dizziness and lightheadedness. Dr. Wojtasiewicz also opined that plaintiff's vertigo symptoms were exacerbated by sudden changes in position.  These opinions followed a questionnaire format that provides minimal narrative explanation, but the record includes the physician's contemporaneous treatment notes.

The ALJ deemed Dr. Wojtasiewicz's opinions to be unpersuasive, relying instead on the less restrictive opinions of the examining and non-examining consultant physicians. Plaintiff contends and argues that this conclusion is based on a flawed evaluation of the supportability and consistency of the primary care provider's opinions.  This Court disagrees with plaintiff's assertions.

The ALJ addressed the supportability factor by noting the limited narrative provided in the opinions themselves and citing Dr. Wojtasiewicz's treatment notes during the corresponding period that documented slow improvement in her vertigo and shortness of breath as plaintiff progressed in physical and respiratory therapy, but often included normal cardiovascular, musculoskeletal, and neurological test results that suggested -- that suggested greater function than depicted in Dr. Wojtasiewicz's opinion.

Addressing consistency, the ALJ cited the broader treatment record that included physical therapy progress notes

and physician-reviewed imaging reports.  Immediately following her discussion of Dr. Wojtasiewicz's restrictive opinion, the ALJ summarized treatment notes from other providers that the ALJ found represented an ability to perform light work in 2021, 2022, and 2023, including a number of evaluations of plaintiff's gait, balance, motor strength, and range of motion.  Elsewhere in the decision, the ALJ explained how the longitudinal record was more consistent with the medical opinions of the non-examining and examining consulting physicians, who had all reached less restrictive conclusions.  The ALJ's overall analysis portrays Dr. Wojtasiewicz's opinion as a less persuasive outlier from the rest.

Looking at the opinion evidence more broadly, this Court finds that the ALJ conducted an appropriate evaluation of the consistency and supportability of each opinion, whether a treating source or a consultant.

"At their most basic, the amended regulations [governing evaluation of medical opinion evidence] require that the ALJ explain her findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" See case of *Raymond M. v. Commissioner of Social Security.* That's found at 19-CV-1313 and that is a Magistrate Judge Baxter case from this district.  And the cite is 2021 WL 706645 at page 8, a Northern District of New York, February 22, 2021, decision.

Here in this case, the ALJ conducted an appropriate review of the consistency and supportability factors by comparing each referenced opinion to the medical professional's own notes, the broader treatment record, other relevant opinions, and the testimonial evidence.  The ALJ then referred to specific evidence that supported her conclusions.  Therefore, this Court finds that the ALJ's evaluation of the medical opinion evidence was, in fact, supported by substantial evidence.

In large measure -- in large measure, plaintiff's challenges to the ALJ's evaluation of the medical opinion and testimonial evidence and the resulting RFC determination are largely premised on a disagreement over how the ALJ resolved arguably conflicting evidence about plaintiff's functional limitations.  It is not sufficient that reasonable parties could interpret the evidence differently, and it is not the function of this reviewing court to reweigh the evidence.  Therefore, this Court finds no justification for remand in this case.

As a result, plaintiff's motion for judgment on the pleadings is denied; defendant's motion for judgment on the pleadings is granted; plaintiff's complaint is dismissed; and the Commissioner's decision denying plaintiff benefits is hereby affirmed.

(Time noted:  2:29 p.m.)

CERTIFICATE OF OFFICIAL REPORTER


I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 11th day of March, 2026.


s/ Hannah F. Cavanaugh_____

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

Official U.S. Court Reporter